UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES DONELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3086 |
| | ) | |
| JIMMY WATSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Pontiac Correctional Center, pursues claims arising from an incident which occurred at Western Illinois Correctional Center on July 11, 2011 and events subsequent thereto. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Defendant Watson, a correctional officer at Western Illinois Correctional Center, allegedly repeatedly retaliated against Plaintiff for the grievances he had filed against Watson and also for a lawsuit Plaintiff was pursuing against Cindy Lynch.  This retaliation included the denial of meals, extra searches, squeezing Plaintiff's testicles, and refusing to allow Plaintiff to make phone calls.  The retaliation came to a head on July 11, 2011 when Watson denied ice for the inmates on Plaintiff's

3

wing. Plaintiff tried to garner the attention of other officers to intervene and tried to phone his family members. These actions allegedly sparked further retaliation. Specifically, Defendants Watson, Paul, and Roberts cornered Plaintiff in the wing. Plaintiff tried to run and was met with blows from Watson, while Paul and Roberts either looked on or participated in Watson's assault of Plaintiff. Watson twisted Plaintiff's left foot until it "popped" and kicked and punched Plaintiff about his body and face. Defendant Lindsey was also allegedly involved in this excessive force.

After this incident, Plaintiff was taken to see Defendant Nurse Steele, who proclaimed him fit for transfer without offering him any medical care or documenting his injuries. He was limping and had abrasions on his arm and face. Defendants Hamilton, Burberry,[1] and Pool allegedly subjected Plaintiff to excessive force when they escorted him to segregation. This excessive force included kneeing Plaintiff in the

---

[1] Plaintiff's spelling of this name is inconsistent. Based on this Court's experience in other prisoner civil rights cases, the Court surmises that Plaintiff may be referring to an officer "Bradbury."

stomach and groin, "head butting" him, and running him into doors. At some point the tactical response team came in, which included Defendants Adams and Wildrop. Plaintiff was strip searched and the black box restraints were tightly applied. Plaintiff was then slammed to the wall and held in position. Adams and Wildrop then secured Plaintiff in the van for transport to Pontiac Correctional Center. Wildrop and Adams had guns during the transport, and they threatened to shoot and kill Plaintiff if he caused any trouble. Adams pointed his barrel at the side of Plaintiff's head during the trip.

Officers at Western allegedly decided to cover up the excessive force by falsely claiming that Plaintiff had stabbed or attempted to stab Watson with a knife. Plaintiff lost one year of good conduct credits, along with other punishments, as the result of an allegedly false disciplinary ticket charging him with violent assault, among other charges.

When Plaintiff arrived at Pontiac Correctional Center, Defendant Nurse Davis allegedly also refused to give Plaintiff any medical treatment

other than Tylenol, though she did put him in for sick call.

## ANALYSIS

The Eighth Amendment prohibits cruel and unusual punishment, which includes the use of excessive force. Excessive force in the prison setting is force "'applied maliciously and sadistically for the very purpose of causing harm.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992). Force applied in a "'good faith effort to maintain or restore discipline'" does not violate the Eighth Amendment. Id.

A plausible inference arises that Plaintiff was subjected to excessive force by Defendants Watson, Roberts, Pool, Lindsey, Hamilton, Burberry, and Pool. Determining what force was used and whether the force was applied in a "good faith effort to maintain or restore discipline" requires a more developed record. An excessive force claim or other Eighth Amendment claim is also plausibly stated against Defendants Adams and Wildrop, who transported Plaintiff in the van, though discerning that claim is more difficult. Whether Adams and Wildrop actually applied any force to Plaintiff is not clear. Whether their threats

were enough to amount to an Eighth Amendment violation is also not clear.

Plaintiff also states a claim for retaliation for filing grievances and pursuing his lawsuit against Lynch. "The federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement, . . . as well as the right to be free from retaliation for exercising this right." Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996)(citations omitted). At this point the retaliation claim will remain in against all the defendants involved in the excessive force. A retaliation claim also arises against Defendant Goins, who allegedly intentionally failed to process Plaintiff's grievances against Watson, presumably in retaliation for Plaintiff's complaints against Watson. A retaliation claim also arises against Defendant Jennings, who allegedly labeled Plaintiff as a gang member in retaliation for Plaintiff's lawsuit against Lynch and his prior grievances.

Plaintiff's excessive force and retaliation claims may be barred in part or full if those claims necessarily call into question the validity of his

loss of good time on the disciplinary ticket. In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court held that claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus. *See also* Heck v. Humphrey, 512 U.S. 477, 487 (1994). However, that determination would be premature.

The Court cannot rule out an Eighth Amendment claim against Nurses Steele and Davis based on their alleged failure to treat Plaintiff's injuries following the excessive force. Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment. Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008). The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id., *quoting* Greeno v.

8

Daley, 414 F.3d 645, 653 (7th Cir. 2005). An objectively serious need also presents itself if "'failure to treat [the condition] could result in further significant injury or unnecessary and wanton infliction of pain.'" Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999)(quoted cite omitted). Deliberate indifference does not encompass negligence or even gross negligence. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need. Id.; Hayes, 546 F.3d at 524.

A plausible inference of a serious medical need arises from Plaintiff's description of his swollen ankle and his abrasions, though further development of the record may show otherwise. Additionally, deliberate indifference might be inferred from the nurses' alleged refusal to examine Plaintiff's injuries and to provide some treatment in addition to the Tylenol he received, for example, ice and a wrap for his swollen ankle.

The Court cannot discern any claims against the remaining

Defendants Johnson, Jackson, Randolph, Jones, Anderson, or Young. Defendant Johnson was the grievance officer at Pontiac who allegedly denied Plaintiff's grievances against Watson on the grounds of untimeliness. Plaintiff has no constitutional right to a grievance procedure, and therefore has no constitutional right to have an existing grievance procedure properly administered. *See* Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). In any event, ruling against an inmate on a grievance does not alone violate the Constitution. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Unlike the allegations against Defendant Goins, no plausible inference arises that Johnson was acting out of retaliation for any of Plaintiff's grievances and lawsuits. Johnson was working at Pontiac, and the grievances and lawsuits had been filed during Plaintiff's incarceration in Western. For the same reasons no claim arises against Defendant Anderson, who denied Plaintiff's appeals.

Defendants Jackson, Jones, Randolph, and Young held supervisory positions. Jackson was the Warden; Jones was the Chief of Operations in charge of the tactical team; Randolph was the Deputy Director; and, Young was the Assistant Warden of Programs. They cannot be held liable for their subordinate's constitutional violations simply because they were in charge. *See* Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). No plausible inference arises that these defendants participated in, directed, condoned, or turned a blind eye to the alleged constitutional violations. Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement).

IT IS THEREFORE ORDERED:

1) The merit review scheduled for April 23, 2012 is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2) Sua sponte, the Court adds Correctional Officer Bradbury as a Defendant because Plaintiff may be attempting to sue Bradbury instead

of Burberry.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following federal constitutional claims: 1) Eighth Amendment claim for excessive force against Defendants Watson, Roberts, Pool, Lindsey, Hamilton, Burberry, Bradbury, Pool, Wildrop, and Adams. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper

received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on June 18, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough. Plaintiff shall appear by video conference. Defense counsel shall appear in person. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: April 18, 2012

FOR THE COURT:

                                            s/Sue E. Myerscough
                                             SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE