UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| CHARLES DONELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3086 |
| | ) | |
| JIMMY WATSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Pontiac Correctional Center, pursues claims for excessive force, deliberate indifference to medical needs, and retaliation arising from events which occurred, for the most part, in Western Illinois Correctional Center in July, 2011. The case is in the process of service and is set for a Rule 16 conference on August 27, 2012.

On June 25, 2012 Plaintiff filed a motion for preliminary injunction alleging that he was not safe in the prisons at Pinckneyville, Stateville, or Menard because unidentified enemies housed in those

prisons assaulted and/or harassed Plaintiff during his incarceration in Lawrence, Western, and Hill Correctional Centers. (d/e 58, p. 3). He also alleged that IDOC staff were making him "look gay and a gang banger," which placed him at risk of assault by other inmates. He appeared to contend that prison staff publicized that he had been convicted of raping a cellmate. He further alleged that he was publicly designated a sexual predator as a result of this conviction and housed on a wing with gang members. Id. at p. 6. He asked to be transferred back to Hill Correctional Center. Id. at p. 3.

Plaintiff's motion for a preliminary injunction was denied on June 29, 2012 because his motion failed to demonstrate the danger of irreparable harm or a likelihood of success. (6/29/12 text order). In short, Plaintiff offered no evidence to support his vague and broad allegations.

Now before the Court is Plaintiff's motion to reconsider the denial of his motion for preliminary injunction. Plaintiff alleges that he has been falsely designated as a "Gangster Disciple," which puts him at risk of assault by other inmate. He asserts that he has been assaulted at

several different prisons, but again no specifics are offered.

The Court still concludes that Plaintiff has not demonstrated that he is actually at risk of irreparable harm if an injunction does not issue. Plaintiff's allegations of danger are too vague and broad. He does not identify any of the inmates who allegedly assaulted him in the past or when these assaults occurred. Additionally, he appears to be housed in a segregation cell, which would separate him from his alleged enemies. He further alleges that he has a steel door to his cell, which he contends limits air circulation, but which would also protect him from attacks. Plaintiff also appears to allege that he can avoid danger by refusing housing, which causes him to be placed in disciplinary segregation but at least protects him. The Court realizes that these options are not optimal, and Plaintiff may ultimately succeed on his retaliation claims, but at this point the record does not support a plausible inference that Plaintiff is actually in danger of irreparable harm from assault by other inmates.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for reconsideration of this Court's denial of his motion for a preliminary injunction is denied (d/e 61).

2) Plaintiff has filed what the Court construes as a motion for leave to file an interlocutory appeal to challenge the Court's denial of Plaintiff's motion for preliminary injunction. The motion is denied as unnecessary. (d/e 64). A party may immediately appeal the grant or denial of a preliminary injunction. 28 U.S.C. § 1292(a)(1). After entry of this order, the clerk is directed to redocket motion 64 as a notice of appeal of this order and the Court's 6/29/12 text order.

ENTERED: July 19, 2012

FOR THE COURT:

                                        s/Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE