UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHARLES DONELSON,           )
                            )
    Plaintiff,              )
                            )
    v.                      )        12-CV-3086
                            )
JIMMY WATSON, et al.,       )
                            )
    Defendants.             )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Pontiac Correctional Center, pursues claims arising from an incident which occurred at Western Illinois Correctional Center on July 11, 2011 and events subsequent thereto. Several motions are before the Court, addressed in turn below.

IT IS ORDERED:

1) Plaintiff's motion for leave to file an appeal in forma pauperis challenging the denial of his motion for preliminary injunction is denied

(d/e 78). The Court has reviewed Plaintiff's reasons for his appeal (d/e 91) and cannot discern a good faith basis for the appeal. The Court is still of the opinion that Plaintiff's allegations are not sufficient to establish a present danger of irreparable harm. Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that Plaintiff's petition to appeal in forma pauperis is not in good faith. If Plaintiff wishes to contest this Court's finding, he must renew his petition to proceed in forma pauperis with the Court of Appeals within 30 days after service of this order. See Fed.R.App.P. 24(a). The clerk is directed to send a copy of this order to the Seventh Circuit Court of Appeals.

    2) Plaintiff's motion for an extension of time to file his brief in support of his appeal is denied as unnecessary (d/e 95). Plaintiff's brief is already on file (d/e 91).

    3) Plaintiff's motion for leave to file a motion to preserve evidence is granted (d/e 85). The clerk is directed to separately docket the motion to preserve evidence which is now attached to docket entry 85. Defendants are directed to respond to the motion to preserve evidence by

October 12, 2012. Plaintiff is advised that he does not need to ask leave to file motions.

4) Plaintiff's request for a transcript is denied (de 87) to the extent he seeks a transcript free of charge.

5) Plaintiff's motion for entry of default against Defendants Davis, Jackson, and Steele is denied (d/e 88).

6) Defendants' motion to extend their time to answer Plaintiff's discovery requests is granted (d/e 130). The deadline is extended to October 5, 2012. Defendants' prior motion for an extension is denied as moot (d/e 89).

7) Defendant Steele's motion for a protective HIPAA order is granted (d/e 97). The clerk is directed to enter the Court's standard HIPAA order.

8) Defendant Jackson's motion for an extension to file an Answer is granted (d/e 102). Defendant Jackson's Answer is already on file (d/e 118).

9) Plaintiff's motion for a status report is denied (d/e 103) because

the Court does not understand the relief Plaintiff seeks. However, the clerk is directed to send Plaintiff a copy of the docket sheet after the entry of this order.

    10) Plaintiff's motion for an extension to file documents in support of his appeal is denied (d/e 105). Plaintiff should file this motion with the Seventh Circuit Court of Appeals.

    11) Plaintiff's motion to oppose Defendant Steele's appearance is denied (d/e 108).

    12) Plaintiff's motion to strike Defendants' motions is denied (d/e 112). Defendants are not required to confer with Plaintiff before filing their motions. Plaintiff seems to assert that he is not receiving mail from the Defendants in a timely manner. A docket will be sent to Plaintiff so that he may confirm his receipt of Defendants' filings.

    13) Plaintiff's motions for admissions are denied (d/e's 113, 114). Plaintiff must send his request for admissions to Defendants' counsel. Discovery requests are not filed with the Court unless a dispute exists about the discovery requested.

14) Plaintiff's motion for an extension to respond to discovery requests is granted (d/e 119). Plaintiff's deadline for responding is extended to October 26, 2012. Plaintiff's response must be sent to Defendants' counsel and not filed with the Court.

15) Plaintiff's motion to communicate with inmate witnesses is denied with leave to renew (d/e 120). Plaintiff must set forth the expected testimony of the witnesses, his specific attempts to obtain permission to correspond with these witnesses, and attach copies of any responses received. Plaintiff must also set forth a list of questions that he seeks to ask these inmates and explain the relevance of their testimony.

16) Plaintiff's motion to remove Defendant Jennings as counsel for Defendants is denied (d/e 122).

17) Plaintiff's motions for a protective HIPAA order are denied as moot (d/e's 123, 126). The Court is entering its standard HIPAA order.

18) Plaintiff's motion to subpoena nonparties Penny Ruiz and Steve Ruiz is denied (d/e 124) to the extent Plaintiff asks this Court to depose these persons for him. If Plaintiff seeks to ask these persons

specific and relevant questions about his claims, he may file a motion setting forth the questions, explaining how the questions are relevant to his claim, and explaining how these persons have personal knowledge of the relevant events.

19) Plaintiff's motion for the issuance of subpoenas is denied with leave to renew (d/e 125) upon explaining the specific information he seeks and the relevance of that information to his claims.  He must also list the full name and address to be placed on the subpoena.  ILCD-LR 45.1.  Plaintiff is responsible for serving the subpoena and for otherwise complying with Fed. R. Civ. P. 45.

20) Plaintiff's motion for assistance in receiving documents is granted in part (d/e 127).  A docket will be sent to Plaintiff so that he may confirm receipt of all court filings.  Defendants are not required to mark their mail to Plaintiff as legal mail because the mail is not confidential.  However, by October 8, 2012, Defendants are required to send Plaintiff a list of the mail they have sent to him, along with the dates sent.  Plaintiff may use this list to confirm receipt of Defendants'

mail thus far.

21) Attempts at service have been unsuccessful on the following Defendants, due to identification problems: Correctional Officer Roberts, Defendants Wildrop and Adams, and Nurse Davis.  A separate order will be entered regarding these Defendants.  In order to keep the case moving, deadlines will be set in this order.

21) By October 31, 2012, the parties shall provide to each other the initial disclosures described in Fed. R. Civ. P. 26(a)(1)(i)-(ii).

22)  Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by November 1, 2012.

23) Defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by December 3, 2012.

24) Discovery closes May 31, 2013.

25) Dispositive motions are due June 28, 2013.  A summary judgment motion which relies on Plaintiff's deposition or medical records

must attach the complete copy of the deposition and the complete medical records for the relevant time period.  Summary judgment motions should include affidavits from the parties based on their personal knowledge.

26) Plaintiff's incarceration or detention limits him to written discovery.  Written discovery must be served on a party at least 30 days before the discovery deadline.  Discovery requests and responses are not filed with the court, unless there is a dispute regarding such discovery.  See CDIL-LR 26.3.  Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response.  Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

27) A final pretrial conference is scheduled for January 6, 2014, at 1:30 p.m..  Defendants' counsel shall appear in person.  Plaintiff shall appear by video.  The parties are directed to submit an agreed, proposed final pretrial order at least 14 days before the final pretrial conference.

28) The jury trial is scheduled on the Court's trailing trial calendar for February 4, 2014, at 9:00 a.m..  The actual date for jury selection and jury trial will be finalized at the final pretrial conference.

ENTERED:  September 26, 2012

FOR THE COURT:

                                                       s/Sue E. Myerscough
                                                      SUE E. MYERSCOUGH
                                                      UNITED STATES DISTRICT JUDGE