IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHARLES DONELSON,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        12-CV-3086
                                     )
                                     )
JIMMY WATSON, et al.,                )
                                     )
        Defendants.                  )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and currently incarcerated in

Menard Correctional Center, pursues constitutional claims arising

from an incident which occurred on July 11, 2011, during his

incarceration in Western Illinois Correctional Center.  Before the

Court are several pending motions, addressed in turn below.

IT IS ORDERED:

1.    Plaintiff's motion to compel docketed as number 141 is

      granted in part and denied in part.  After reviewing the

      discovery requests, responses, and objections, the Court

      concludes that, except as follows, Defendants' responses

and objections were appropriate.  Defendants Bradbury,
Goins, Hamilton, Jennings, Lindsay, Pool, and Watson are
directed to produce the following documents to Plaintiff or
to file a motion for an in camera inspection of the
following documents:

   a.   The internal investigation report regarding the July
        11, 2011 incident, redacted as necessary for
        security reasons;

   b.   Documents contained in Plaintiff's master file which
        relate to or refer to the July 11, 2011 incident;

   c.   Documents in Defendants' personnel files which
        relate to or refer to the July 11, 2011 incident; and,

   d.   Internal directives addressing the use of force
        against inmates and the use of tactical teams.

2.  Plaintiff's motion to compel Nurse Still to answer his
    discovery requests is granted in part and denied in part
    (d/e 146).  After reviewing the discovery requests,
    responses, and objections, the Court concludes that,
    except as follows, Defendant Still's responses and

objections were appropriate.  By February 15, 2013,

Defendant Still is directed to provide Plaintiff with:

a. The protocol sheets for treating inmates who

present with complaints of injuries caused by force

used by correctional officers or other prison

employees; and,

b. Documents in Defendant Still's personnel files

which relate to or refer to the July 11, 2011

incident.

3. Plaintiff's motion to compel docketed as number 159 is

granted in part and denied in part.  The motion is moot as

to Plaintiff's medical records because Defendant Still

represents that she will forward copies of those records to

Plaintiff when she receives them.  The motion is also moot

as to the Internal Affairs report, which was the subject of

Plaintiff's motion to compel discussed above.  The rest of

Defendants' responses and objections were appropriate,

except with respect to the following.  By February 15,

2013, the IDOC Defendants are directed to answer the

following:

    a.    Who decided that Plaintiff would be transferred out of Western Illinois Correctional Center after the July 11, 2011 incident?  State said person or persons' name(s) and job title(s).

4.    Plaintiff's motion for the appointment of counsel (d/e 172) is denied for the reasons stated in the Court's 5/17/12 order.  Plaintiff still appears competent to proceed pro se. Plaintiff has personal knowledge of most of the facts giving rise to his claims, and he has been able to obtain relevant evidence through discovery requests and motions to compel.  He has significant experience litigating in federal court, and his claims are relatively simple.

5.    Plaintiff's motion for an order directing prison officials to allow him to correspond with inmates in another prison is taken under advisement (d/e 188).  By February 22, 2013, the Court requests that the Warden of Western Correctional Center, Tarry Williams, and the Warden of Menard Correctional Center, Rick Harrington, inform the Court whether Plaintiff may be granted permission to correspond with the inmates listed on page three of

Plaintiff's motion. Page three of the motion appears to reference the cell numbers in which each inmate was housed on July 11, 2011 in Western Illinois Correctional Center. Plaintiff's correspondence to each inmate will contain only the nine questions set forth on page 2 of Plaintiff's motion. Plaintiff's correspondence, and any responses thereto, will not be sealed and will be subject to search and review by prison staff.

6. The clerk is directed to mail to Warden Tarry Williams and Warden Rick Harrington a copy of this order with paragraph five highlighted and a copy of Plaintiff's motion # 188.

7. Plaintiff's motion to question nonparties Steve Ruiz and Penny Ruiz is denied (d/e 191), to the extent Plaintiff seeks the Court's assistance. However, the Court grants the motion to the extent Plaintiff requests subpoenas. The clerk is directed to send Plaintiff one subpoena completed with the name of Steve Ruiz and one subpoena completed with the name of Penny Ruiz, with both subpoenas addressed to the Western Illinois Correctional

Center but otherwise blank.  Plaintiff is responsible for completing and serving the subpoenas and otherwise complying with Fed. R. Civ. P. 45.

8.   The clerk is directed to send Plaintiff a copy of Fed. R. Civ. P. 45.

9.   Plaintiff's motion for a status report is denied as moot (d/e 194).

10.   The motion for leave to file an amended answer by Defendant Doug Pool is granted (d/e 197).  The clerk is directed to docket the amended answer.  Defendant Doug Pool maintains that the correct Defendant Pool is "David" Pool, who wrote the incident report regarding the July 2011 incident.

11.   The clerk is directed to add "David Pool" as a Defendant and to send David Pool a waiver of service.

12.   Plaintiff's additional motions to compel against Defendant Still and Goins (d/e's 195, 198) are denied because these Defendants have no record of receiving Plaintiff's document requests.  Plaintiff may renew his motion to compel after he has mailed his document requests to the

appropriate Defendants and waited the appropriate
response time.

13.   Plaintiff's motion to compel Defendant Jennings'
      admissions is granted only as to Plaintiff's request
      number 7 (d/e 199).  By February 15, 2013, Defendant
      Jennings is directed to inform Plaintiff whether Jennings
      was officially on duty on July 11, 2011.  The motion is
      otherwise denied.

14.   Plaintiff's motion to compel against Defendant Watson is
      granted only as to Plaintiff's request number 19 (d/e 200).
      By February 15, 2013, Defendants are directed to provide
      to Plaintiff a copy of the rescinded Administrative
      Directive 01.12.130.  The motion is otherwise denied.
      Defendant Watson represents that he will be sending
      Plaintiff the relevant medical records.

15.   Defendant Davis' motion for an extension to file an
      Answer is granted (d/e 204).  The Court notes that Davis
      has already filed her Answer.

16.   Plaintiff's motion for service on Defendant Davis is denied
      as moot (d/e 205).

17.  Plaintiff's motion to compel Defendant Lindsey's admissions is denied (d/e 206).  The Court has reviewed Lindsey's responses and finds them appropriate.  Plaintiff may believe that Defendant Lindsey's responses are untruthful, but the time for challenging the truth of Lindsey's version of events is at the summary judgment stage or at trial.

18.  Plaintiff's motion to compel Defendant Pool's admissions is granted (d/e 207) to the extent Plaintiff asks Defendant Pool to admit that Pool put an ink pen on the windowsill in Plaintiff's cell number 72 at Western Correctional Center on July 11, 2011.  Defendant Pool is directed to respond to the admission by February 15, 2013.

19.  Plaintiff's motion to compel Defendant Watson's interrogatories is granted in part (d/e 208).  By February 15, 2013, Defendant Watson is directed to produce his medical records from 2003 to the present which relate to or refer to any injury to or medical problem with either of Watson's hands.  The record indicates that Defendant Watson represented that his hand was fractured in the

Page **8** of **10**

July 11 incident.  Prior medical records may be relevant
to show that Watson had a preexisting hand injury which
was not caused by the events on July 11, 2011.

20. Plaintiff's motion to reschedule the status conference is
granted (d/e 212).

21. The status conference set for February 26, 2013 is
rescheduled to March 11, 2013 at 1:30 p.m. by telephone
conference.  Defendant Waldrop's waiver of service was
sent to him on January 15, 2013 and is due back by
February 15, 2013.

22. Defendants' motion for leave to file a response to
Plaintiff's motion to compel is granted (d/e 216).  The
clerk is directed to separately docket the attachments to
docket entry 216 as a response to Plaintiff's motion to
compel (d/e 141).

23. Plaintiff's deadline for identifying the tactical team
members is extended to April 30, 2013.

24. The discovery deadline is extended to August 30, 2013.

25.    The dispositive motion deadline is extended to September

30, 2013.


ENTER:                January 24, 2013

FOR THE COURT:

                            __s/Sue E. Myerscough__
                            SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE